IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS BURGESS,

Plaintiff,

v.

RANDS TRUCKING, INC.,

Defendant.

OPINION and ORDER

25-cv-596-jdp

---

Plaintiff Thomas Burgess, proceeding without counsel, works as a semi-truck driver. Burgess alleges that he applied for a job with defendant Rands Trucking, Inc. and was denied pursuant to a policy against hiring candidates with felony convictions. Burgess brings a claim for race discrimination under Title VII of the Civil Rights Act, contending that Rands Trucking's policy has an unlawful disparate impact on African American applicants like him. Burgess filed his complaint in the Southern District of Florida; that court subsequently granted Rands Trucking's motion to transfer venue to this court. Dkt. 35.

Rands Trucking now moves to dismiss Burgess's amended complaint under Federal Rule of Civil Procedure 12(b)(6), contending that Burgess's allegations fail to establish that he was denied a job because of his race. But Burgess is relying on a disparate impact theory of discrimination, not an intentional discrimination theory. Burgess has alleged facts plausibly suggesting that Rands Trucking's policy of denying jobs to individuals with felony convictions disparately impacts African American applicants, so he has stated a claim under a disparate impact theory.

ALLEGATIONS OF FACT

Burgess is a lifelong resident of Palm Beach County, Florida. He is African American. In 2011, Burgess pleaded guilty to a federal felony offense for possession with intent to distribute crack cocaine. *See United States v. Burgess*, case no. 9:11-cr-80012 (S.D. Fla.) Burgess also has convictions for state-level offenses, though he doesn't describe these convictions in the complaint. Burgess spent eight years in federal prison for the crack cocaine offense and was released in January 2019.

After his release, Burgess went to truck driving school, graduating in December 2019. Since then, Burgess has accumulated two years of on-the-road experience driving semi-trucks. He has had difficulty obtaining consistent truck driving work because of his criminal history.

In June 2024, Burgess applied for a job with defendant Rands Trucking, which is based in Ladysmith, Wisconsin. After submitting his background check information, Burgess received an email from the company, which stated: "Unfortunately, we will not be able to hire you at this time due to Rands' current policy with candidates that have felonies." Dkt. 44-1. Burgess understood this email to mean that Rands Trucking was denying him a job pursuant to a blanket policy against hiring truck drivers with felony convictions. Burgess believed that this policy unlawfully discriminated against African Americans, who are more likely than people of other racial groups to have felony convictions.

Burgess filed a charge of discrimination against Rands Trucking with the EEOC in August 2024. Dkt. 44-2. The EEOC dismissed Burgess's charge and issued him a right-to-sue letter in December 2024. Dkt. 44-4. Burgess filed this lawsuit in February 2025.

2

ANALYSIS

The question on a motion to dismiss based on Rule 12(b)(6) is whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Burgess asserts a race discrimination claim under Title VII of the Civil Rights Act. Title VII prohibits both intentional discrimination based on race and employment practices that have a disproportionately adverse impact on employees based on race, even if the impact is unintended. *Ernst v. City of Chicago*, 837 F.3d 788, 794 (7th Cir. 2016). Burgess asserts that Rands Trucking engaged in the second type of discrimination; in other words, he relies on a "disparate impact" theory of discrimination.

Rands Trucking contends that Burgess's complaint is deficient for three reasons. First, Rands Trucking says that Burgess has affirmatively alleged that it denied him a job because of his felony convictions, not because of his race. That argument fails because plaintiffs do not have to allege intentional discrimination to state a claim based on a disparate impact theory. *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014). Instead, the plaintiff must allege that (1) the defendant has an established employment practice (2) that causes a disparate impact based on race. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1006 (7th Cir. 2019). Burgess has satisfied both elements by alleging that (1) Rands Trucking has a blanket policy of denying jobs to applicants with felony convictions and (2) that policy has a disparate impact on African American applicants, who are more likely to have felony convictions than applicants of other races.

3

Second, Rands Trucking says that Burgess failed to allege a specific hiring practice that could form the basis for a discrimination claim. But Burgess attached an email to his amended complaint, in which Rands Trucking management told Burgess they did not hire him because of "Rands' current policy with candidates that have felonies." Dkt. 44-1. I can infer from the email that Rands has a blanket policy against hiring individuals with felony convictions. Such a policy can form the basis for a disparate-impact discrimination claim under Title VII. *See Green v. Missouri Pac. R. Co.*, 523 F.2d 1290 (8th Cir. 1975); *El v. Se. Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232 (3d Cir. 2007).

Third, Rands Trucking says that Burgess's evidence of disparate impact is conclusory. In *Adams*, the Seventh Circuit explained that plaintiffs cannot state a disparate-impact claim with conclusory allegations of "disproportionate" or "impermissible" impact; the plaintiff must allege facts "tending to show" a relevant and statistically significant disparity between applicants based on race. 742 F.3d at 733. The court explained that "[d]isparate-impact plaintiffs are permitted to rely on a variety of statistical methods and comparisons to support their claims. At the pleading stage, some basic allegations of this sort will suffice." *Id.*

I conclude that Burgess has met his burden to provide basic statistical facts tending to show that Rands Trucking's policy has a disparate impact on African Americans. Burgess cites national statistics that 80 percent of crack cocaine convictions are African American men. Dkt. 44, ¶ 68. He also cites case law in which courts have found policies similar to Rands Trucking's to have a racially disparate impact. *Green*, 523 F.2d 1290. These allegations are sufficient to plausibly suggest that Rands Trucking's policy has a disparate impact based on race.

4

Although Burgess's allegations of disparate impact are sufficient at the pleading stage, Burgess should know that at summary judgment, he must be prepared to come forward with more rigorous evidence of disparate impact. It will not be enough for Burgess to simply point to national statistics about arrest and conviction rates. He will have to adduce sufficient evidence for a reasonable jury to find that the employment practice he challenges caused a disparate impact. *Erdman v. City of Madison*, 91 F.4th 465, 471 (7th Cir. 2024). In the hiring context, this typically requires showing a disparity between the racial composition of those the employer actually hired and the racial composition of qualified individuals in the relevant job market. *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 996–97 (1988).

One final point. In its brief, Rands Trucking challenges Burgess's complaint as an impermissible "shotgun pleading," arguing that it lacks organization, contains irrelevant allegations, and appears to be asserting more than one cause of action. Dkt. 45, at 6–7. Rands Trucking is correct that portions of the complaint are not relevant to Burgess's Title VII claim. For example, Burgess alleges that he was unlawfully shot by the police, Dkt. 44, ¶ 11, and that his attorney in a state criminal case provided him ineffective assistance of counsel. *Id.* ¶ 12–17. But the court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (internal quotations and citation omitted). Dismissal is appropriate only if the "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Burgess's complaint is not incoherent or confusing: it is clear that he is asserting a Title VII disparate-impact claim based on Rands Trucking's refusal to hire truck drivers with

felony convictions. The complaint gives Rands Trucking adequate notice of Burgess's claim, so the court will not dismiss it as a "shotgun pleading."

## ORDER

IT IS ORDERED that defendant Rands Trucking's motion to dismiss plaintiff Thomas Burgess's amended complaint, Dkt. 46, is DENIED.

Entered May 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge